IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
CARLOS HERNANDEZ, Individually and           )
on Behalf of All Those Similarly Situated,   )
                                             )   Case No.:_____
Plaintiffs,                                  )
                                             )
v.                                           )
                                             )
RAMIREZ SERVICES LLC, and                    )
JULIO RAMIREZ, Jointly and Severally,        )
                                             )
Defendants.                                  )
_____)

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, Carlos Hernandez, individually, and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

**NATURE OF THE ACTION**

1.      Defendants are in the construction industry. Plaintiff worked for Ramirez Services LLC on job sites across Atlanta, GA, performing various construction labor

1

tasks.

2.      Plaintiff worked for Ramirez Services LLC as a construction laborer.

3.      Plaintiff was paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout their employment.

4.      The exact number of Defendants' employees is unknown at this time, but it is believed a substantial class of current and former employees have similarly not been paid overtime wages by Defendants.

5.      Plaintiff brings this action on behalf of himself and all others similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while

Plaintiff performed construction labor for Ramirez Services LLC at the apartment complex AMLI Arts Center, located at 1270 West Peachtree Street, N.W., Atlanta, GA 30309, which is in Fulton County. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9. Plaintiff, Carlos Hernandez, was at all relevant times, an adult individual residing at 130 Claridge Lane, Lawrenceville, Georgia 30046, which is in Gwinnett County.

**Defendants:**

10. Defendant, Ramirez Services LLC, is an active Georgia corporation. Its principal place of business is 282 Garnet Ridge Dr., Athens, GA, 30607, USA, which is in Clarke County.

11. Upon information and belief, Defendant Julio Ramirez is an owner, officer, director and/or managing agent of Ramirez Services LLC. Mr. Ramirez's address is

4371 Winters Chapel Road Apt. 1215 Atlanta, GA, 30360, USA, which is in Gwinnett County.

12. Julio Ramirez (the "Individual Defendant") participated in the day-to-day operations of Ramirez Services LLC. Mr. Ramirez is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Ramirez Services LLC (the "Corporate Defendant").

13. Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for the Corporate Defendant.

14. At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees working on goods that have been moved or produced for commerce, in that they run a construction business that moves construction materials that will be used in projects across various parts of the United States, within the

meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the construction industry, supplying clients with varying construction needs.

18. Upon information and belief, the Individual Defendant handles payroll and record keeping for the Corporate Defendant, and is actively involved with the Corporate Defendant's day-to-day operations.

19. Plaintiff Hernandez was employed by Defendants as a general laborer. Mr. Hernandez's job duties involved welding copper, installing air conditioning equipment, cleaning work sites, and other various construction labor tasks. Mr. Hernandez was employed with Defendants for approximately nine months, from October 1, 2006 to June 30, 2017. Mr. Hernandez worked a total of 39 weeks for Defendants.

20. Mr. Hernandez was paid $16 per hour, and worked 50 hours per week. Mr. Hernandez was generally paid $800 per week by a paper check, and never received a pay stub indicating the hours he worked for Defendants.

21. Plaintiff was paid straight-time for all hours worked, despite working well in

excess of 40 hours per week.

22.   This failure to pay overtime wages to these hourly employees can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

23.   Mr. Hernandez worked 50 hours per week, which includes 40 regular hours and 10 overtime hours. Mr. Hernandez was paid straight-time for all hours worked. His rate of pay was $16 per hour, so his "half-rate" is $8 per hour, for the purposes of computing overtime.[1] 10 overtime hours multiplied by $8 half-rate, equals $80 unpaid overtime per week. Mr. Hernandez was employed 39 weeks by Defendants. 39 weeks multiplied by $80 unpaid overtime per week, equals $3,120 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $3,120 plus $3,120, which equals $6,240.

24.   Therefore, Plaintiff Hernandez is owed $6,240.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of

---

[1] The half-rate is determined by dividing the regular rate of pay by 2.

Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants, at any time since October 17, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as construction workers, electricians, mechanics, general laborers, and all other hourly employees (the "Collective Action Members").

26. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

27. The exact number of Defendants' employees is unknown at this time, but it is believed a substantial class of current and former employees have similarly not been paid overtime wages by Defendants.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

28. Plaintiff, on behalf of himself and the Collective Action Members, repeat and

reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

29. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

30. Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

31. The failure to pay overtime has caused Plaintiff Hernandez to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 17, 2017

          Respectfully submitted,

          **s/ Brandon A. Thomas**

**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com

10